```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LUMOS TECHNOLOGY CO., LTD.,              :     16cv6939(DLC)
                                         :
                Plaintiff,               :     MEMORANDUM OPINION
                                         :         AND ORDER
        -v-                              :
                                         :
JEDMED INSTRUMENT COMPANY,               :
                                         :
                Defendant.               :
                                         :
---------------------------------------- X
```

APPEARANCES

For Lumos Technology Co., LTD.:
Grace L. Pan
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019

For JEDMED Instrument Company:
Darren M. Geliebter
Eric J. Huang
Lombard & Geliebter LLP
305 Broadway, 7th Floor
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Lumos Technology Co., LTD. ("Lumos") brings this action alleging that the defendant JEDMED Instrument Company ("JEDMED") infringed one of its patents -- United States Patent No. 8,746,906 ("the '906 Patent") -- in violation of the Patent Act, 35 § U.S.C. 1 et seq. The '906 Patent, entitled "Light Source Module for Macro Photography," describes a self-illuminating digital imaging device with a barrel, a contact unit, and a lighting unit for macro photography. Lumos has

moved to strike JEDMED's sixth affirmative defense of inequitable conduct. For the following reasons, Lumos's motion is denied.

## DISCUSSION

Under Fed. R. Civ. P. 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Rule 12(f) motions to strike are disfavored, as the Second Circuit has explained:

> A motion to strike an affirmative defense under Rule 12(f), Fed. R. Civ. P. for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when . . . there has been no significant discovery.

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984) (citation omitted), vacated on other grounds, 478 U.S. 1015 (1986).

To prove inequitable conduct, "the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive" the United States Patent and Trademark Office ("PTO"). Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1287 (Fed. Cir. 2011). In cases involving the nondisclosure of reference material, "the

2

accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." Id. at 1290. Because direct evidence of deceptive intent is rare, courts may infer a specific intent to deceive from indirect and circumstantial evidence. Id.

Because claims of inequitable conduct sound in fraud, they must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." Id. at 1326-27. Rather, the pleading must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id. at 1327. Although knowledge and intent may be averred generally, pleadings of inequitable conduct under Rule 9(b) must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29.

Lumos fails to meet the stringent standard to prevail on a motion to strike. JEDMED alleges that Lumos employees including the inventor of the '906 Patent, Chih-Yi Yang, knowingly failed to disclose information material to the prosecution of the '906 Patent, intending to deceive the PTO. Lumos asserts that Yang disclosed the relevant information during the prosecution of a related Lumos patent on which he is also the named inventor, United States Patent No. 8,594,495 ("the '495 Patent"), but failed to disclose the information during the prosecution of the '906 Patent. Yang also failed to disclose information relied upon by the examiner of the '495 Patent in rejecting certain claims in Lumos's application for the '495 Patent even though those claims were substantially similar to its claims in the '906 Patent. In its almost six page assertion of inequitable conduct, JEDMED pleads the elements of the defense and states the "who, what, when, where, and how" of the allegedly inequitable conduct with particularity.

Lumos argues that JEDMED's assertion of a specific intent to deceive "on information and belief" is inadequate under Rule 9(b). JEDMED adequately pleads intent, which can be inferred through the particularized pleadings described above.

Lumos relies on Exergen, in which the Federal Circuit struck an inequitable conduct defense pleading that was deficient not only in its allegations of scienter but also in

4

regard to the requirement that it plead with particularity the other elements of its claim. Exergen, 575 F.3d at 1329. Here, JEDMED alleges a number of facts, which taken together, support a reasonable inference that Yang specifically intended to deceive the PTO.

Lumos also argues that JEDMED cannot plead materiality because the omitted information appears in the file history for the '906 Patent. The parties debate the significance of the references in the file history to the inequitable conduct claim. Given this debate, it is premature to strike JEDMED's inequitable conduct defense on this ground.

## CONCLUSION

Lumos's January 11, 2017 motion to strike JEDMED's sixth affirmative defense of inequitable conduct is denied.

Dated: New York, New York
April 10, 2017

_____
DENISE COTE
United States District Judge