```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LUMOS TECHNOLOGY CO., LTD.,              :     16cv6939(DLC)
                                         :
                       Plaintiff,        :     OPINION AND ORDER
                                         :
              -v-                        :
                                         :
JEDMED INSTRUMENT COMPANY,               :
                                         :
                       Defendant.        :
                                         :
---------------------------------------- X
```

APPEARANCES

For Lumos Technology Co., LTD.:
Grace L. Pan
Charles A. Weiss
Nicholas P. Chiara
Leonie W. Huang
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019

For JEDMED Instrument Company:
Darren M. Geliebter
Eric J. Huang
Lombard & Geliebter LLP
305 Broadway, 7th Floor
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Lumos Technology Co., LTD. ("Lumos") alleges that the defendant JEDMED Instrument Company ("JEDMED") infringed United States Patent No. 8,746,906 ("the '906 Patent"), entitled "Light Source Module for Macro Photography." The parties have presented their proposed constructions of the '906 Patent's

claims pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). The following sets forth the Court's construction of disputed terms.

**BACKGROUND**

The parties dispute the construction of essentially four terms in the preamble of Claim 1 and four terms that appear in the body of Claim 1 and Claim 5. Lumos asserts that it is unnecessary to construe the four terms in the preamble because the preamble is non-limiting. The relevant claims, with the disputed terms highlighted, are set forth below.

The preamble of Claim 1 of the '906 Patent describes:

> A <u>light source module</u> for macro photography, <u>the light source</u> being <u>configured for connecting to a lens of an image capturing apparatus</u> and <u>bearing against a plane surface to capture the image of the plane surface</u>, the <u>light source module</u> comprising:[1]

The remainder of Claim 1 describes:

> a barrel having a rear portion <u>for connecting to the lens</u> and a front portion opposite to the rear portion;
>
> <u>a contact unit arranged on an end face of the front portion</u> and having <u>a plurality of contact pads</u> <u>arranged at intervals on the end face for contacting with the plane surface</u>; and
>
> a lighting unit arranged on the inner surface of the barrel.

---

[1] The parties dispute whether the word "comprising" is part of the preamble. This dispute has no impact on the claim construction analysis that follows.

Claim 5 of the '906 Patent describes (emphasis supplied): "The light source module as claim 1, wherein the contact pads are made of elastic material."

## DISCUSSION

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." Aventis Pharm. Inc. v. Amino Chems. Ltd., 715 F.3d 1363, 1373 (Fed. Cir. 2013) (citation omitted). In construing a patent claim, which is a question of law, courts "should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history." Am. Calcar, Inc. v. Am. Honda Motor Co., Inc., 651 F.3d 1318, 1336 (Fed. Cir. 2011) (citation omitted). Courts, however, should not read meaning into claim language that is clear on its face. See Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1371 (Fed. Cir. 2002). Claim construction is not a backdoor process by which the scope of a claim is narrowed or expanded. See Terlep v. Brinkmann Corp., 418 F.3d 1379, 1382 (Fed. Cir. 2005).

Claim terms are generally given their "ordinary and customary meaning" as understood by a person of "ordinary skill in the art at the time of invention." Aylus Networks, Inc. v. Apple Inc., 856 F.3d 1353, 1358 (Fed. Cir. 2017) (citation

3

omitted). The ordinary meaning of a claim term is its meaning "to the ordinary artisan after reading the entire patent." Id. (citation omitted).

If a claim term does not have an ordinary meaning, and its meaning is not clear from a plain reading of the claim, courts turn in particular to the specification to assist in claim construction. Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 711 F.3d 1348, 1361 (Fed. Cir. 2013). Through the specification, a patentee "can act as his own lexicographer to specifically define terms of a claim contrary to their ordinary meaning." Abraxis Bioscience, Inc. v. Mayne Pharma (USA) Inc., 467 F.3d 1370, 1376 (Fed. Cir. 2006) (citation omitted). "Usually, [the specification] is dispositive; it is the single best guide to the meaning of a disputed term." Power Integrations, 711 F.3d at 1361 (citation omitted). While courts use the specification "to interpret the meaning of a claim," they must "avoid the danger of reading limitations from the specification into the claim" itself. Phillips v. AWH Corp., 415 F.3d 1303, 1323 (Fed. Cir. 2005). Although the specification often describes specific embodiments of the invention, the Federal Circuit has repeatedly warned against confining the claims to those embodiments. Id.

A court may consider extrinsic evidence, such as dictionaries and treatises, but such extrinsic evidence is

4

"generally of less significance than the intrinsic record." Takeda Pharma. Co. Ltd. v. Zydus Pharma. USA, Inc., 743 F.3d 1359, 1363 (Fed. Cir. 2014). If the meaning of the claim is clear from the intrinsic evidence alone, resort to extrinsic evidence is improper. Boss Control, Inc. v. Bombardier Inc., 410 F.3d 1372, 1377 (Fed. Cir. 2005).

Courts consider whether to treat a preamble as a claim limitation "on the facts of each case in light of the claim as a whole and the invention described in the patent." TomTom, Inc. v. Adolph, 790 F.3d 1315, 1323 (Fed. Cir. 2015) (citation omitted). As a general rule, preamble language does not limit the scope of a patent's claims. Aspex Eyewear, Inc. v. Marchon Eyewear, Inc., 672 F.3d 1335, 1347 (Fed. Cir. 2012). It is not limiting where a patentee "defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention." TomTom, 790 F.3d at 1323 (citation omitted). "The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not." Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 809 (Fed. Cir. 2002) (citation omitted). Put differently, preamble language is not limiting when the claim body describes a structurally complete invention "such that deletion of the preamble phrase does not affect the structure or steps of the

5

claimed invention." Tom Tom, 790 F.3d at 1324 (citation omitted). If the claim body describes a complete invention, "the preamble is of no significance to claim construction because it cannot be said to constitute or explain a claim limitation." Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1305 (Fed. Cir. 1999).

If, however, a preamble "recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim," then it may be limiting. TomTom, 790 F.3d at 1323 (citation omitted). For example, limitations in the body of the claim that "rely upon and derive antecedent basis from the preamble" may render the preamble a necessary component of the claimed invention, and therefore, a limitation on the claims. Proveris Scientific Corp. v. Innovasystems, Inc., 739 F.3d 1367, 1372 (Fed. Cir. 2014) (citation omitted); see C.W. Zumbiel Co. v. Kappos, 702 F.3d 1371, 1385 (Fed. Cir. 2012). A single claim limitation in the preamble, however, "does not necessarily convert the entire preamble into a limitation" requiring construction. TomTom, 790 F.3d at 1323.

**I. The Preamble is Limiting**

Lumos contends that construction of terms in the preamble is unnecessary. JEDMED contends that the body of Claim 1 requires construction by recourse to the preamble. Both parties

6

have provided their proposed constructions if the Court agrees with JEDMED that resort to the preamble is necessary.

The preamble to Claim 1 is necessary to give meaning to the '906 Patent's claims in three respects. JEDMED's contention, however, that the term "light source module" (which appears in the preamble of Claim 1 and in the body of every claim other than Claim 1) and "the light source" require construction is rejected.[2]

First, the body of Claim 1 describes a barrel for connecting to "<u>the</u> lens." (Emphasis supplied.) The use of the article "the" is a specific reference to a particular lens identified in the preamble. The preamble explains that this is a reference to a camera lens, or in the words of the preamble, a "lens of an image capturing apparatus." The Court accepts Lumos's proposed construction of "a lens of an imaging capturing apparatus."[3]

Second, the body of Claim 1 describes the front of the barrel as having contact pads "for contacting with the plane surface." To understand the import of the word "for," it is necessary to refer to the preamble. The preamble explains that

---

[2] JEDMED's proposed construction is "a component that provides light for macro-photography, that is independent and separable from the lens to which the component connects."

[3] JEDMED proposed "an assembly of one or more optical lenses attached to a camera body for capturing images of objects."

7

the contact or action at issue is the act of the barrel of the light source "bearing against" the plane surface to assist in the photography. In the words of the preamble, the light source is configured for "bearing against a plane surface to capture the image of the plane surface." The parties present similar constructions of this preamble language. Both generally agree that "bearing against" should be understood as "pressing against" or "being pressed against" a surface. The construction "pressing against" is adopted.

The parties disagree regarding additional construction of the preamble phrase "bearing against a plane surface to capture the image of the plane surface." No further construction of the term is necessary, and therefore it is unnecessary to resolve the following disputed construction issue. Lumos contends that plane surface should be construed as a "substantially flat or level surface" while JEDMED adds that a plane surface is a "flat or level surface." The term "plane surface" in the body of Claim 1 requires no construction. Therefore, the term "bearing against a plane surface to capture the image of the plane surface" is construed as "pressing against a plane surface to capture the image of the plane surface."

Finally, the body of Claim 1 describes a light source module as having a barrel with a rear portion "for connecting to" the lens. In an explanation that is necessary to give life

8

to this claim language, the preamble explains that the rear of the barrel is to be "configured for connecting to a lens of an image capturing apparatus." The preamble's phrase "configured for" is plain on its face and does not require construction.[4] It is unnecessary to further construe the preamble phrase "configured for connecting to a lens of an image capturing apparatus," and JEDMED's proposal of designed for "joining or fastening, directly or by means of an adapter," to a lens of an image capturing apparatus is rejected.

## II. Disputed Terms in the Body of the Claims

The parties dispute the construction of three other terms in the body of Claims 1 and 5. As for a fourth term, Lumos contends no construction is necessary and JEDMED argues the term is indefinite. These disputes are resolved as follows.

### a. "a contact unit arranged on an end face of the front portion"

Lumos argues that the Claim 1 term "a contact unit arranged on an end face of the front portion" should be construed as "a structure located on the front surface of the front portion of the barrel capable of contacting a substantially flat or level surface." JEDMED contends that the term should mean "a device

---

[4] Lumos argues that "configured for" should be construed as "capable of being." JEDMED, by contrast, argues that "configured for" means "designed for."

located directly on the front surface of the front portion of the barrel with the specific function of separating the barrel from the plane surface." "A contact unit arranged on an end face of the front portion" is construed to mean "a structure located on the front surface of the front portion of the barrel with the function of contacting a plane surface."

### b. "a plurality of contact pads"

Lumos contends that the Claim 1 term "a plurality of contact pads" should be construed to mean "more than one component that is capable of touching the substantially flat or level surface." JEDMED argues that it must be read as "more than one component that touches the plane surface." "A plurality of contact pads" is construed as "more than one component for touching the plane surface."

### c. "arranged at intervals on the end face for contacting with the plane surface"

Lumos contends that the Claim 1 term "arranged at intervals on the end face for contacting with the plane surface" should be construed as "the [contact pads] are provided on the end of the barrel and have spaces between them." JEDMED, by contrast, argues that the phrase should mean "located directly on the front surface of the barrel such that there is a space or gap between any two adjacent contact pads when in contact with the

plane surface for minimizing the contact area with the plane surface." The phrase "arranged at intervals on the end face for contacting with the plane surface" is construed as "located on the front surface of the end of the barrel and arranged with spaces between them for the purpose of minimizing contact between the barrel and the plane surface."

### d. "elastic material"

Finally, the parties dispute whether the term "elastic material" in Claim 5 is indefinite, thereby effectively invalidating Claim 5. Claim 5 provides: "The light source module as claim 1, wherein the contact pads are made of elastic material."

A patent is invalid for indefiniteness "if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120, 2124 (2014). Under Nautilus, the key question is whether the claims -- as opposed to particular claim terms -- inform a skilled reader with reasonable certainty about the scope of the invention. Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP, 838 F.3d 1224, 1231 (Fed. Cir. 2016) (citation omitted). Nevertheless, an indefiniteness analysis is "inextricably

intertwined with claim construction" and training indefiniteness on individual claim terms is a helpful tool. Id. at 1232 (citation omitted). "Indeed, if a person of ordinary skill in the art cannot discern the scope of a claim with reasonable certainty, it may be because one or several claim terms cannot be reliably construed." Id.

Relative terms and terms of degree are not inherently indefinite. Interval Licensing LLC v. AOL, Inc., 766 F.3d 1364, 1370 (Fed. Cir. 2014). A patentee need not define an invention with "mathematical precision." Id. (citation omitted). Relative terms and terms of degree may prove indefinite, however, if their baseline is unclear to a skilled reader. Liberty Ammunition, Inc. v. United States, 835 F.3d 1388, 1395 (Fed. Cir. 2016). They must provide "objective boundaries for those of skill in the art." Id. at 1396 (citation omitted). Whether such terms are indefinite turns, in part, on whether intrinsic evidence provides guidance concerning the scope of the claim. Sonix Tech. Co. v. Publ'ns Int'l, Ltd., 844 F.3d 1370, 1377 (Fed. Cir. 2017).

Lumos contends that no construction is necessary for the phrase "elastic material" and that it is sufficiently definite to provide guidance to those skilled in the art. It is correct. JEDMED's argument that the phrase is indefinite is rejected.

12

## **CONCLUSION**

The disputed terms, as set forth in the parties' claim construction submissions of April 7, April 25, and May 11, 2017, are construed as set forth above.

Dated: New York, New York
August 4, 2017

_____
DENISE COTE
United States District Judge