```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LUMOS TECHNOLOGY CO., LTD.,              :    16cv6939(DLC)
                                         :
                    Plaintiff,           :    MEMORANDUM OPINION
                                         :       & ORDER
          -v-                            :
                                         :
JEDMED INSTRUMENT COMPANY,               :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES

For the Plaintiff:
Xiyan Zhang
Pete Wolfgram
Stratum Law LLC
2424 East York Street, Suite 306
Philadelphia, PA 19130

For the Defendant:
Darren M. Geliebter
Eric J. Huang
Lombard & Geliebter LLP
305 Broadway, 7th Floor
New York, NY 10007

For non-party Holland & Knight LLP
Charles A. Weiss
Grace L. Pan
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019

DENISE COTE, District Judge:

On October 22, 2017, plaintiff Lumos Technology Co., Ltd., ("Lumos") moved to voluntarily dismiss this patent infringement action with prejudice. The defendant, JEDMED Instrument Company

("JEDMED") has now moved for an award of attorneys' fees and costs. For the reasons explained below, the motion is denied.

**Background**

Lumos is a foreign corporation that hopes to enter the U.S. market with products protected by its U.S. patent '906.[1]  The patent is entitled Light Source Module for Macro Photography and describes a self-illuminating digital imaging device with a barrel, a contact unit, and a lighting unit for macro photography.  On September 2, 2016, it brought suit against JEDMED, claiming infringement of that patent.  Lumos was originally represented by the law firm Holland & Knight; that firm was replaced by Stratum Law on September 11, 2017.

On August 4, 2017, the Court construed disputed claim terms, which were few in number.  Lumos Tech. Co. v. JEDMED Instrument Co., No. 16cv6939(DLC), 2017 WL 3328245 (S.D.N.Y. Aug. 4, 2017).  A summary judgment motion was filed on October 13, 2017.  On October 22, Lumos moved to dismiss the action with prejudice.  On November 6, Lumos signed a covenant not to sue that was acceptable to JEDMED, and the action was dismissed with prejudice on November 9.  JEDMED's motion for attorneys' fees

---

[1] The patent is No. 8,746,906.

was filed on December 8, and became fully submitted on February 1, 2018.

## Discussion

JEDMED moves for an award of roughly $525,000 in attorneys' fees against both Lumos and its counsel pursuant to 28 U.S.C. § 1927, 35 U.S.C. § 285, and Fed. R. Civ. P. 11.  It is only necessary to consider the Section 285 prong of this motion.  JEDMED did not follow the procedural requirements for bringing a Rule 11 motion for sanctions, and this Court declines JEDMED's invitation to impose such sanctions sua sponte.  Nor has JEDMED shown that Lumos engaged in conduct during the course of this litigation that would warrant Section 1927 sanctions.  See Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (sanctions under Section 1927 are appropriate "against any attorney who so multiplies the proceedings in any case unreasonably and vexatiously" but "only when there is a finding of conduct constituting or akin to bad faith" (citation omitted)).  While the litigation was contentious and made more difficult because of the plaintiff's reluctance to participate in discovery, none of its conduct warrants Section 1927 sanctions.

The standard for an award of Section 285 sanctions is well established.  They are available in an "exceptional case," which

3

is a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). A court is to consider the "totality of the circumstances" in determining whether a case is exceptional. Romag Fasteners, Inc. v. Fossil, Inc., 866 F.3d 1330, 1333 (Fed. Cir. 2017) (citation omitted). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Octane Fitness, 134 S. Ct. at 1757 (emphasis supplied). The determination that a case is exceptional for the purposes of Section 285 must be made by "a preponderance of the evidence." Rothschild Connected Devices Innovations, LLC v. Guardian Protection Servs., Inc., 858 F.3d 1383, 1387 (Fed. Cir. 2017) (citation omitted).

One "factor [that] the totality-of-the-circumstances approach" may include is whether a party "failed to perform a diligent pre-suit investigation of its claims." Bayer CropScience AG v. Dow AgroSciences LLC, 851 F.3d 1302, 1307 (Fed. Cir. 2017) (citation omitted). This is particularly significant where a more searching pre-suit investigation of easily obtainable evidence would have counseled against filing

4

the lawsuit.  Id.  Thus, when conducting the Section 285 inquiry a court may consider whether the plaintiff "inspected the allegedly infringing products, prepared claim charts, construed the claims at issue, or . . . read those claims."  Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001); cf. SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1349 (Fed. Cir. 2015) (observing that pre-Octane Fitness case law is relevant when evaluating "whether [a] case was litigated in an unreasonable manner").  There is, however, a "presumption that an assertion of infringement of a duly granted patent is made in good faith."  Checkpoint Sys., Inc. v. All-Tag Sec. S.A., 858 F.3d 1371, 1376 (Fed. Cir. 2017) (citation omitted).  Accordingly, "fee awards are not to be used as a penalty for failure to win a patent infringement suit."  Id. (citation omitted).  There does not appear to be any legal basis for entering a fee award against the losing party's attorney under § 285.  See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc., 246 F.3d 142, 150 (2d Cir. 2001) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized." (citation omitted)).

JEDMED principally relies on two contentions to support is claim for sanctions.  The first assertion is that Lumos's pre-

5

suit investigation was inexcusably flawed because it failed to obtain and examine readily available and inexpensive samples of the accused devised, and resisted admitting this failure during discovery. JEDMED asserts that an examination of the devices would have demonstrated that JEDMED does not sell, offer for sale or use the accused devices as required by the claims in this action. JEDMED's accused devices are an anterior chamber lens ("ACL") and an eyecup. They are not sold as a packaged unit. Indeed, the eyecup is available for sale either by itself or in a package with another device not at issue here. To infringe the Lumos patent, the eyecup would have to be used "on" the ACL.

Neither Lumos nor its counsel examined the accused devices prior to filing suit, but counsel did an extensive investigation and examined various materials describing the products to determine that an infringement claim based on the doctrine of equivalents was, in their view, available. They determined that the diameters of the two units were the same, such that they could theoretically fit together and be used together.[2]

---

[2] The parties dispute whether Lumos may rely in its submissions in opposition to this motion on information it refused to provide in discovery based on an assertion of privilege. The Court had ruled that the assertion of privilege would prevent the plaintiff from relying in the future on the information, whether offered offensively or defensively. In the context of this claim for attorneys' fees, and considering the nature of the information and its significance to the motion, the Court

Eventually, in November 2016, an investigator obtained what appeared to be each of the two accused items and counsel concluded that they appeared to fit together.

JEDMED underscores that Lumos never obtained any evidence that the two items were ever offered for sale together or used together by an end user. JEDMED asserts that Lumos should not have filed this lawsuit without a reasonable basis to believe that the eyecup was actually being used on the ACL. Indeed, Lumos understood that none of the brochures or manuals for the products show the eyecup being used with the ACL.

Second, JEDMED accuses Lumos of pursuing an unrealistic damages theory and proffering only unreasonable settlement offers. JEDMED had made only minimal sales of the accused devices. Lumos asserts that it was seeking a license fee, and was entitled to base its settlement offers on its view of the potential market for mobile medical device imaging in the United States. This is the first and only patent infringement action it has filed to date, and contends it was brought in pursuit of the legitimate goal of protecting its intellectual property.

JEDMED has not shown that this case is exceptional. While it would have been far preferable for Lumos to have obtained the

---

will consider that information to the extent it is reflected in this Order. Indeed, JEDMED contends that access to this newly-disclosed information supports its motion for an award of fees.

7

defendant's devices and evidence of the defendant selling them together prior to filing this action, it did conduct a pre-suit investigation of sufficient depth to escape a finding that its filing was done in bad faith.  Nor does Lumos's conduct in pursuing settlement render this case exceptional.  Parties often have differing views, even widely differing views, about the value of case.  Considering the totality of the circumstances, JEDMED has failed to show that this case is exceptional.

## Conclusion

JEDMED's December 9, 2017 motion for attorney's fees is denied.

Dated:   New York, New York
         February 13, 2018

_____
DENISE COTE
United States District Judge